```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**AMOS GABRIEL HICKS,**

    **Petitioner,**

**v.**                            **CIVIL ACTION NO. 1:20-00665**

**DONALD F. AMES, Superintendent,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's "Motion for Transcripts at Government Expense." See ECF No. 37. In that motion, Hicks asks this court "to order that the transcripts for his pretrial and trial proceedings under State v. Hicks, McDowell Co. Cir. Ct. Case No. 08-F-154-S . . . be prepared and paid for by the government pursuant to 28 U.S.C. § 753(f)[.]" Id. Hicks argues that the transcripts "are necessary to decide the issues presented in the appeal before the Fourth Circuit Court of Appeals[.]" Id.

The provisions of 28 U.S.C. § 753 apply to federal court reporters. See Russell v. Jones, 679 F. Supp. 949, 960 (W.D. Mo. 1988) ("Section 753 of Title 28, United States Code, authorizes the district courts of the United States to appoint court reporters to serve those courts and defines the duties and responsibilities of a federal court reporter."); see also Figge v. Frauenhelm, Case No. 2:16-cv-07408-DSF(KES), 2017 WL 11607484,

at *1 (C.D. Cal. June 16, 2017) ("It is not clear whether § 753(f), which primarily deals with <u>federal</u> court reporters, applies to transcripts of <u>state</u> court proceedings sought in § 2254 habeas cases challenging state court convictions."); <u>Dawson v. Zuniga</u>, No. 1:15-cv-01217-LJO-SKO-HC, 2016 WL 767306, at *1 (E.D. Cal. Feb. 29, 2016) ("To the extent that the petition addresses a state conviction, § 753(f), which governs the payment of court reporters for transcripts of federal proceedings, does not authorize this Court to order payment of a state court reporter."). Accordingly, that statute does not provide a basis for the relief Hicks seeks.

Furthermore, as the record in this proceeding demonstrates, the majority of the transcripts from the underlying state court proceedings have already been provided. Those that have not are unavailable for the reasons discussed in the court's memorandum opinion and order denying the petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Based on the foregoing, petitioner's motion is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

IT IS SO ORDERED this 7th day of December, 2021.

ENTER: David A. Faber
David A. Faber
Senior United States District Judge